UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jose Trevino, individually and on behalf of all others similarly situated;<br><br>Plaintiff,<br><br><br><br><br><br>-v.-<br><br>Convergent Outsourcing Inc.,<br><br>Defendant(s). | Civil Action No: 1:21-cv-3997<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Jose Trevino (hereinafter referred to as "Plaintiff") brings this Class Action Complaint by and through his attorneys, Stein Saks, PLLC, against Defendant Convergent Outsourcing Inc. (hereinafter referred to as "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1.  Congress enacted the Fair Debt Collection Practices Act ("the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective

1

collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides, as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of Kings.

8. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6), with a business address of 800 SW 39th St., Suite #100/PO Box 9004 Renton, WA 98057 and address for service of process at C T Corporation System, 28 Liberty St., New York, NY, 10005.

9. Upon information and belief, Defendant uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

10. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11. The Class consists of:

    a. all individuals in the State of New York;

    b. to whom Defendant sent a collection letter attempting to collect a debt;

    c. on behalf of T-Mobile USA;

    d. for a balance due for mobile phone services;

    e. in which Defendant states: "If payment is received prior to your account being written off, we may be able to offer you the option of re-connecting your mobile phone service at no additional cost";

    f. without providing a date by which the account would be written off;

    g. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

12. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

13. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. § l692e et seq.

15. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

16. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions' predominance over any questions or issues involving only individual class members. The principal issue

    is whether the Defendant's written communications to consumers, in the forms attached as Exhibit A violate 15 U.S.C. § l692e et seq.

  c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

  d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

  e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17.  Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

19. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

20. Some time prior to May 27, 2021, an obligation was allegedly created to the creditor, T-Mobile.

21. Upon information and belief, T-Mobile contracted Defendant for the purpose of collecting the defaulted debt associated with an account ending in 2477. Furthermore, Defendant explicitly refers to itself in the subject letter as a "collection agency." Therefore, Defendant is a "debt collector" as defined by 15 U.S.C.§ 1692a (6).

22. Upon information and belief, the original subject obligation arose out of mobile phone services. The subject debt was incurred by Plaintiff solely for personal, household or family purposes.

23. The Plaintiff is a "consumer" as defined by 15 U.S.C.§ 1692a (3).

24. The subject obligation is consumer-related, and therefore a "debt" as defined by 15 U.S.C.§ 1692a (5).

### *Violation – May 27, 2021 Collection Letter*

25. On or about May 27, 2021, Defendant sent the Plaintiff a collection letter regarding the alleged debt owed to T-Mobile. (See Letter at Exhibit A.)

26. In the body of the text, Defendant states:

6

> "This notice is being sent to you by a collection agency. The records of T-Mobile USA show that your balance of $128.50 is due in full for mobile phone service. If payment is received prior to your account being written off, we may be able to offer you the option of re-connecting your mobile phone service at no additional cost."

27. However, Defendant failed to inform Plaintiff of a date upon which the account would be written off.

28. Defendant also failed to provide any definition of the term "written off" that would inform the consumer of how to calculate an end date by which to pay in full.

29. Although the point of the collection letter was to seek repayment by a particular event, since the event was undefined, the collection letter failed convey any meaningful message to the consumer.

30. The Defendant's seemingly innocuous offer only operates to conjure confusion in the mind of the consumer and feelings of angst in an effort to coax consumers into fully repaying debts as soon as possible.

31. However, the FDCPA functions to prevent debt collectors from using deceptive and unfair tactics to collect debts from consumers.

32. Debt collectors are required to refrain from making misrepresentations to consumers to gain a competitive advantage in their collection efforts.

33. Plaintiff was not provided a fair opportunity to evaluate his repayment options because Defendant presented a nebulous end-date that was beyond Plaintiff's ability to calculate or conjure.

34. In result, the Plaintiff incurred an informational injury as Defendant misrepresented the date by which the Plaintiff must fully repay an outstanding debt.

35. Plaintiff incurred concrete and particularized harm in that Plaintiff could not give serious consideration to repayment of the subject debt because the end-date by which to repay was entirely unclear.

36. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

37. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

38. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

39. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

40. Defendant violated §1692e:

   a. As the letter falsely represents the character and/or legal status of the debt in violation of §1692e(2)(A); and

   b. By making a false and deceptive representation in violation of §1692e (10).

41. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

8

## DEMAND FOR TRIAL BY JURY

42. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Jose Trevino, individually and on behalf of all others similarly situated, demands judgment from Defendant Convergent Outsourcing Inc. as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Tamir Saland, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: July 15, 2021              Respectfully Submitted,

**STEIN SAKS, PLLC**

 /s/ **Tamir Saland**
Tamir Saland, Esq.
One University Plaza, Ste. 620
Hackensack, NJ 07601
Ph:  201-282-6500 ext. 122
Fax: 201-282-6501
tsaland@steinsakslegal.com
*Counsel for Plaintiff*